

RECEIVED

MAR - 9 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

December 16, 2015

(Regular Mail and E-mail)
Jeffrey L. Cox, Esq.
Sallah Astarita & Cox, LLC
2255 Glades Road
#300e
Boca Raton, Florida 33431

      Re:   Plea Agreement with Jay Fung

Dear Mr. Cox:

      This letter sets forth the plea agreement between your client, Jay Fung, and the United States Attorney for the District of New Jersey ("this Office"). Your client may accept the terms of this plea agreement if this Office receives a fully executed original agreement **no later than 5:00 p.m. on December 18, 2015**. Thereafter, the terms available to your client under this agreement are withdrawn and may not be relied on at any stage of your client's trial or at any sentencing proceeding.

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Jay Fung to a one-count information which charges him with conspiring to commit securities fraud between on or about November 18, 2011, and on or about November 21, 2011, contrary to Title 15, United States Code, Section 78j(b) and 78ff, in violation of Title 18, United States Code, Section 371. If Jay Fung enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Jay Fung for conspiring to or engaging in securities fraud by: (1) trading in Pharmasset, Inc. (VRUS) stock in or about November 2011 based on material nonpublic information, and (2) passing material nonpublic information concerning VRUS to others who traded on it. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Jay Fung

agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Jay Fung may be commenced against him, notwithstanding the expiration of the limitations period after Jay Fung signs the agreement.

Sentencing

The violation of Title 18, United States Code, Section 371 to which Jay Fung agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Jay Fung is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Jay Fung ultimately will receive.

Further, in addition to imposing any other penalty on Jay Fung, the sentencing judge: (1) pursuant to 18 U.S.C. § 3013, will order Jay Fung to pay an assessment of $100, which assessment must be paid by the date of sentencing; (2) pursuant to 18 U.S.C. § 3663 et seq., may order Jay Fung to pay restitution; (3) pursuant to 18 U.S.C. § 982(a)(1)(C) and 28 U.S.C. § 2461, may order forfeiture; and (4) pursuant to 18 U.S.C. § 3583, may require Jay Fung to serve a term of supervised release of not more than three years, which term of supervised release will begin at the expiration of any term of imprisonment imposed.  Should Jay Fung be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jay Fung may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be

imposed on Jay Fung by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Jay Fung's activities and relevant conduct with respect to this case.

Stipulations

This Office and Jay Fung agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Jay Fung from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Jay Fung waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

3

Forfeiture

Jay Fung agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, he will consent to the entry of a forfeiture money judgment in the amount of $345,245 (the "Forfeiture Money Judgment"). Jay Fung acknowledges that the Forfeiture Money Judgment is subject to forfeiture as property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy to commit securities fraud and/or represents substitute assets as described in 21 U.S.C. § 853(p).

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. The defendant shall cause said check to be hand delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure Jay Fung agrees and consents to the entry of an Order of Forfeiture imposing the Forfeiture Money Judgment 60 days prior to his date of sentencing.

Jay Fung represents that within 30 days of the plea hearing in this matter he will either: (a) provide payment of the Forfeiture Money Judgment; or (b) disclose all of his assets to the United States on the attached Financial Disclosure Statement. Jay Fung understands that his obligation to disclose all of his assets on the attached Financial Disclosure Statement is a continuing obligations and that Jay Fung will update the attached Financial Disclosure Statement when necessary.

Jay Fung agrees that if the government determines that he has intentionally failed to disclose assets on the Financial Disclosure Statement, dissipates assets without the consent of the United States, or otherwise does not cooperate in the seizure and forfeiture of assets, that failure constitutes a material breach of this agreement. In addition, Jay Fung consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement or otherwise failed to disclose to the United States. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Jay Fung knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. Jay Fung further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Jay Fung further agrees to waive all interest in the Forfeiture Money Judgment or any other assets forfeited in partial satisfaction of the Forfeiture

4

Money Judgment, in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Jay Fung hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

## Immigration Consequences

Defendant understands and agrees that if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization, if he is not already in that status. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense, knowing that this plea will likely result in his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jay Fung. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Jay Fung.

No provision of this agreement shall preclude Jay Fung from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack,

writ, or motion claiming that his guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Jay Fung and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: ANDREW D. KOGAN
Assistant U.S. Attorneys

Approved:

Gurbir Grewal
Chief, Economic Crimes Unit

6

I have received this letter from my attorney, Jeffrey L. Cox, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: **12/21/15**_____

JAY FUNG

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, forfeiture, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: 12/21/15_____

JEFFREY L. COX, ESQ.

7

## Plea Agreement with Jay Fung

### Schedule A

This Office and Jay Fung recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Jay Fung nevertheless agree to the stipulations set forth herein and agree that the Court should sentence Jay Fung within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Jay Fung further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

1.     The version of the United States Sentencing Guidelines effective November 1, 2015, applies in this case. The applicable guideline is U.S.S.G. § 2B1.1. Pursuant to U.S.S.G. § 2B1.1(a)(2), the Base Offense Level is 6 because the offense of conviction carries a statutory maximum sentence of less than 20 years.

2.     Because the loss exceeded $250,000 but was less than $550,000, Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(G) applies. This Specific Offense Characteristic results in an increase of 12 levels.

3.     As of the date of this letter, Jay Fung has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Jay Fung's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

4.     As of the date of this letter, Jay Fung has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Jay Fung offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Jay Fung enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Jay Fung acceptance of responsibility has continued through the date of sentencing and Jay Fung therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Jay Fung offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

5.     In accordance with the above, the parties agree that the total Guidelines offense level applicable to Jay Fung is 15 (the "agreed total Guidelines offense level").

8

9.     The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 15 is reasonable.

10.    Jay Fung knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 15. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 15. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. None of these provisions, however, shall preclude Jay Fung from pursuing, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Jay Fung's guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

11.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph.